MRS. A. L. STALTER, Appellant, v. A. L. STALTER, Respondent.

Springfield Court of Appeals, November 10, 1910.

1. EQUITY: Bills and Notes: Action at Law: Jury Trial. In a suit on a note the answer alleged that at the time the note was given, defendant and plaintiff, were husband and wife, that she furnished defendant money to be used in improving her property, and that the note was given with the understanding that when the money had been so expended, the note was to be surrendered; then alleged that the money had been so expended and asked that the note be required to be surrendered and cancelled. *Held*, that this was an action at law, and that the answer amounted to a plea of payment, that the remedy at law was adequate, and the judgment would have been a complete bar to any further action, and that the trial court erred in holding that the answer converted the case into an equitable action and in denying plaintiff a jury trial.

2. ————: Action at Law. It is one of the established rules of equity jurisdiction, that equity will not lend its aid to a party who has an adequate remedy at law.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright,* Judge.

REVERSED AND REMANDED.

*H. L. Shannon* for appellant.

(1)   Plaintiff was entitled to a trial by jury, and not having waived this right, the court erred in proceeding without a jury. R. S. 1899, sec. 691; Kitchen v. Railroad, 59 Mo. 514; Moline Plow Co. v. Hartman, 84 Mo. 610; Earl v. Hart, 89 Mo. 263; New Haven Lodge v. Railroad, 100 Mo. App. 407; Scott v. Young, 113 Mo. App. 46; Baum v. Stephenson, 133 Mo. App. 187.

*W. J. Owen* for respondent.

An answer admitting the facts constituting the plaintiffs' legal cause of action and setting up other facts of an equitable character in avoidance, converts the whole case into a suit in equity triable by the court, as in chancery. Louis v. Rhodes, 150 Mo. 501; Bouton v. Pipin, 192 Mo. 473; Schaffer v. Detie, 191 Mo. 388; Myers v. Schuchman, 182 Mo. 171; Lincoln Trust Company v. Nathan, 175 Mo. 42; Potts v. Potts, 42 Atl. 1056.

COX, J.—Action upon a promissory note for eight hundred dollars. The answer alleges that at the time the note was given defendant and plaintiff were husband and wife. That the plaintiff was the owner of certain property in the city of Carterville, Missouri, on which she desired some further improvements to be made, and that she furnished to defendant eight hundred dollars to be expended in improvements upon her property, and that the note was given with the understanding that when the money had been so expended the note was to be surrendered; then alleges that the money was so expended and asks that the note be required to be surrendered and cancelled. The reply was a general denial. At the trial the plaintiff insisted

that the issue was one at law and that she was entitled to trial by jury. The court held that the answer converted the case into an equitable action and denied the plaintiff a jury, heard the testimony, found the issues for the defendant and entered a decree cancelling the note sued upon, and plaintiff has appealed.

The only question to determine here is, as to whether the action was converted into an equitable action by the answer of defendant, thus justifying the court in denying the plaintiff a trial by jury.

It is one of the established rules of equity jurisdiction that equity will not lend its aid to a party who has an adequate remedy at law. What is an adequate remedy at law is not always easy to determine, but it seems to us there should be no difficulty in determining that question in this case. The action is upon a promissory note; the law requires the note, or a verified copy thereof, to be filed with the petition. The answer in its legal effect is a plea of payment and had the issue been tried at law, before a jury, and a verdict found in defendant's favor, and judgment rendered thereon, it would have afforded defendant as effective relief as could be granted by a decree in equity cancelling the note. The note was made payable one day after date, was past due, could not be negotiated to defendant's injury, and it, or a copy thereof, was on file in the office of the clerk of the court with the files in this case, and if the case had been tried as a law case, the judgment rendered thereon would have been a complete bar to any further action the plaintiff might seek to institute upon this note or for recovery of the money furnished at the time the note was given. For this reason we hold that the answer did not convert the case into an equitable action, that the plaintiff was entitled to a trial by jury, and the court erred in refusing her that right.

The judgment will be reversed and the cause remanded. *Nixon, P. J.,* concurs; *Gray, J.,* not sitting.